IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| M-13 CONSTRUCTION, INC., a Utah Corporation,<br><br>               Plaintiff,<br><br>vs.<br><br>MOSAICA EDUCATION, INC., a Georgia Corporation,<br><br>               Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:08CV478 DAK |

      This matter is before the court on Defendant's Motion to Dismiss or, in the Alternative, to Transfer.   A hearing on the motion was held on December 16, 2008.  At the hearing, Defendant Mosaica was represented by Gifford W. Price.  Plaintiff M-13 Construction was represented by Jaymon J. Thomas.   Before the hearing, the court considered carefully the memoranda and other materials submitted by the parties.  Since taking the motion under advisement, the court has further considered the law and facts relating to the motion.  Now being fully advised, the court renders the following Memorandum Decision & Order.

      This action pertains to the proposed development and construction in 2007 of a "charter" school known as "STAR Academy" in Colorado Springs, Colorado. Mosaica is

a corporation that contracts with charter schools to assist in their operation including hiring of teachers and staff, and obtaining materials.

Plaintiff M-13 Construction, Inc. ("M-13"), a Utah company, alleges in its Complaint, that Mosaica "retained" it "for the development of plans and ultimately for construction services" for STAR Academy.  According to M-13, after it completed plans for Mosaica, however, M-13 was notified that Mosaica was unable to secure the property for which the plans had been designed.  M-13 was authorized to move forward on another site, and it designed and provided a campus with temporary classrooms, all of which has been paid for.  This lawsuit pertains to Mosaica's alleged failure to pay for the design work on the initial site.

Mosaica contends that this court does not have personal jurisdiction over Mosaica and that the epicenter of this action is in Colorado.  It also contends that venue is not proper in Utah.  Specifically, Mosaica argues that it does not conduct business in Utah, and it has no offices in Utah; has no bank accounts in Utah; does not own or lease property in Utah; does not have a Utah telephone number; does not operate any schools in Utah; and does not have any employees working in Utah.  It also suggests that M-13 initiated the contact with Mosaica in Colorado.

M-13 alleges, however, that Mosaica transacted business within the state of Utah and therefore had the minimum contacts necessary for personal jurisdiction.

## DISCUSSION

When, as in this case, a district court considers a motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, "the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion." " *OMI Holdings, Inc. v. Royal Ins. Co. of Canada,* 149 F.3d 1086, 1091 (10th Cir. 1998). The court finds that M-13 has made a prima facie showing of personal jurisdiction and thus, Mosaica's motion is denied.

There is no contention that general jurisdiction exists, and therefore the relevant question is whether specific jurisdiction exists. "[T]he evaluation of specific jurisdiction in Utah mandates a three-part inquiry: '(1) the defendant's acts or contacts must implicate Utah under the Utah long-arm statute; (2) a 'nexus' must exist between the plaintiff's claims and the defendant's acts or contacts; and (3) application of the Utah long-arm statute must satisfy the requirements of federal due process.'" *National Petroleum Mkt'g, Inc. v. Phoenix Fuel Co.,* 902 F. Supp. 1459, 1465 (D. Utah 1995) (quoting *Harnischfeger Eng'rs, Inc.,* 883 F. Supp. at 612-13); *see also Far West Capital, Inc. v. Towne,* 46 F.3d 1071, 1074 (10th Cir. 1995). The legislature has declared that the long-arm statute must be interpreted broadly "so as to assert jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution." § 78-27-22; *see also Starways, Inc. v. Curry,* 980 P.2d 204, 206 (Utah 1999) ("We have held that the Utah long-arm statute 'must be extended to the

fullest extent allowed by due process of law.' ") (quoting *Synergetics v. Marathon Ranching Co.,* 701 P.2d 1106, 1110 (Utah 1985)).  The Utah Supreme Court has stated that it "frequently make[s] a due process analysis first because any set of circumstances that satisfies due process will also satisfy the long-arm statute." *SII MegaDiamond, Inc. v. American Superabrasives Corp.,* 969 P.2d 430, 433 (Utah 1998); *see also Far West Capital, Inc.,* 46 F.3d at 1075 (proceeding directly to constitutional analysis).  Accordingly, the court will proceed to determine whether the exercise of personal jurisdiction over Mosaica meets federal due process standards.

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471-72 (1985) (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 319 (1945)); *see also OMI Holdings, Inc. v. Royal Ins. Co. of Canada,* 149 F.3d 1086, 1090 (10th Cir. 1998).  Accordingly, a "court may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum state." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291 (1980) (quoting *International Shoe,* 326 U.S. at 316).

The "minimum contacts" necessary for specific personal jurisdiction are established " 'if the defendant has "purposefully directed" his activities at residents of the forum and the litigation results from alleged injuries that "arise out of or relate to" those

activities.' " *OMI Holdings, Inc.,* 149 F.3d at 1091 (quoting *Burger King Corp.,* 471 U.S. at 472) (other quotations omitted).  If the defendant's activities create sufficient minimum contacts, the court then considers "whether the exercise of personal jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice.' " *Id.* (quoting *Asahi Metal Indus. Co. v. Superior Court of California,* 480 U.S. 102, 113  (1987)).

The court therefore examines the quantity and quality of Mosaica's contacts with Utah, including "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing," *Burger King Corp.,* 471 U.S. at 479, to determine whether the exercise of personal jurisdiction over Mosaica comports with due process.

M-13 contends that Terry Gogerty, on behalf of Mosaica made the first contact with M-13.  "[S]olicitation is some evidence suggesting purposeful availment." *Far West Capital, Inc.,* 46 F.3d at 1076 (citing *Burger King Corp.,* 471 U.S. at 473).  The Complaint also alleges that Tim Diamond of Mosaica made a trip to Utah to view other charter schools that M-13 had developed and constructed, to meet with M-13 personnel, and to work out details for an arrangement to have M-13 Construction provide a design/build project for Mosaica.  M-13 also claims that the contract negotiations took place in Utah and that all of the online design meetings were initiated from M-13's office in Utah and were attended by representatives from M-13 and Mosaica.

The court finds that M-13 has sufficiently alleged that Mosaica has "purposefully

directed" its activities at residents of Utah, and the litigation results from alleged injuries that arise out of or relate to those activities. Further, the court finds that the exercise of personal jurisdiction over the Mosaica does not offend "traditional notions of fair play and substantial justice." The court also finds that venue is proper in Utah, and thus the court declines to dismiss the action on the basis of improper venue.

Mosaica has also requested that the court transfer the action to Colorado. Unless the balance strongly favors the movant, plaintiff's forum choice should rarely be disturbed. *Scheidt v. Klein*, 956 F.2d 963 965 (10th Cir. 1992). "Merely shifting the inconvenience from one side to the other . . . is not a permissible justification for a change of venue." *Id.* at 966. In considering the relevant factors, *see Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1516 (10th Cir. 1991), including plaintiff's choice of forum, the court declines to transfer this case.

Accordingly, Defendant Mosaica's Motion to Dismiss, or in the Alternative, to Transfer [docket #14 and17] is DENIED.

DATED this 24th day of December, 2008.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge